Chicago Title and Trust Company and Doris A. Case, Complainants, v. Central Republic Trust Company et al., Defendants.

William L. O'Connell, Cross Complainant, v. Chicago Title and Trust Company and Doris Case, Cross Defendants.

Chicago Title and Trust Company and Doris Case, Appellants, v. William L. O'Connell et al., Appellees.

Gen. No. 38,641.

Opinion filed February 9, 1937. Rehearing denied February 23, 1937.

JUDAH, REICHMANN, TRUMBULL, COX & STERN, of Chicago, for appellants.

MCINERNEY, EPSTEIN & ARVEY, GROSSMAN & GROSSMAN, WILLIAM J. FLAHERTY and JACOBSON, MERRICK, NIERMAN & SILBERT, all of Chicago, for appellees.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal by Chicago Title and Trust Company and Doris A. Case, as executors of the estate of Elmer G. Case, deceased, from an order entered accepting the resignation of William L. O'Connell, receiver of Central Republic Trust Company, as trustee under a trust agreement dated December 15, 1930, and appointing Louis Quitman as successor trustee.

Elmer G. Case filed his bill alleging that defendants Sidney Pellar, Ralph Pellar, Matthew Pellar, Benjamin Pellar, Charles Pellar and Joseph Pellar contracted to sell to him stock in the Pellar Pie Company; that under the terms of the contract Matthew Pellar, Ralph Pellar, Benjamin Pellar and Sidney Pellar each received $10,000 in cash and notes aggregating $22,750; that the complainant made a contract with Joseph Pellar and Charles Pellar to pay them for their stock in said company at certain stated intervals, and to secure the payment of the notes and the performance of the contract said stock of said Company and a note of the Case-Moody Pie Corporation in the principal sum of $287,260.90, payable to the complainant and by him assigned to the trustee, were deposited with the Chicago Trust Company, as trustee under the terms of the trust agreement; that the parties to the trust agreement were Chicago Trust Company, as trustee, party of the first part; the complainant, party of the second part; Joseph Pellar and Charles Pellar, parties of the third part; and Matthew Pellar, Ralph Pel-

lar, Benjamin Pellar and Sidney Pellar, parties of the fourth part. The bill alleged that the complainant was induced to purchase said stock by the misrepresentations and fraud of the Pellars; that the trust agreement is void because of such fraud; that it is contrary to public policy; that it violates the rules against perpetuities, and is vague and uncertain and, therefore, is void and unenforceable. The bill also alleged that the transaction should be set aside, the Pellars restrained from transferring the notes, the trust agreement set aside and declared null and void, and the corpus of the trust estate be surrendered to the complainant; that the Chicago Trust Company was no longer in existence and that the Central Republic Bank and Trust Company was assuming to exercise the powers and functions of the Chicago Trust Company under the trust agreement; that there was no acting or qualified trustee; that the Chicago Trust Company had not resigned as trustee but had ceased to exist, and the trust agreement contained no provisions for the appointment of a successor in such event. The bill made Central Republic Bank and Trust Company, Sidney Pellar, Ralph Pellar, Charles Pellar, Matthew Pellar, Benjamin Pellar, and Fannie Pellar and Charles Pellar, as administrators of the estate of Joseph Pellar, deceased, parties defendant. Fannie Pellar and Fred Pellar, co-administrators *de bonis non* of the estate of Joseph Pellar, deceased (substituted by order of court in lieu of Fannie Pellar and Charles Pellar, administrators), filed an answer to the bill, in which they admitted, *inter alia,* the execution of the trust agreement and alleged that Central Republic Bank and Trust Company was the duly acting trustee under the trust instrument. They denied or demanded strict proof of all the allegations of the bill upon which relief was based. Sidney Pellar, Ralph Pellar, Charles Pellar, Matthew Pellar and Benjamin

Pellar filed an answer to the bill, in which they denied that Central Republic Bank and Trust Company had no right to exercise the powers conferred upon the Chicago Trust Company in the trust agreement, and further denied that there was no acting and qualified trustee. They denied or demanded strict proof of all the allegations of the bill upon which relief was based. William L. O'Connell, as receiver of Central Republic Trust Company, formerly known as Central Republic Bank and Trust Company, was given leave to intervene and to file an answer to the bill, and was also given leave to file a cross-bill. In his answer he denied practically all of the material allegations of the bill and requested the instructions of the court in reference to the trust agreement. In his cross-bill he alleged that he was doubtful whether he had the power to resign by the method provided in the trust agreement and that he was also doubtful as to who the beneficiaries were to whom it was necessary to give notice of his resignation. He further set up that it was his duty, as receiver, under the statutes of Illinois, to resign the trust and make an accounting, and he therefore resigned the trusteeship on behalf of the Central Republic Trust Company. The cross-bill prayed that his resignation be accepted and that the court appoint a successor trustee, and for other relief. The cross-bill made all the living parties to the trust agreement and the legal representatives of two deceased parties, parties defendant, as well as others who had or claimed to have some interest in the trust. Elmer G. Case died during the pendency of the proceedings and the executors of his will filed an answer to the cross-bill in which they incorporate all that portion of the bill of complaint wherein it is alleged that the trust agreement is void and it should be so held by the decree of the court. The answer denies that Central Republic Trust Company was trustee under the trust

agreement, and charges that neither it nor the receiver had any authority to exercise any powers conferred upon the original trustee, and that there was no acting or qualified trustee. Charles Pellar, Sidney Pellar, Matthew Pellar, Benjamin Pellar, Ralph Pellar and certain other parties to the cross-bill filed their answer admitting, *inter alia,* that Central Republic Trust Company was the trustee under the trust agreement and stating that they had no objection to the trustee's resigning, nor to the manner of his resignation, nor to the court's accepting the resignation and appointing a successor trustee. The co-administrators *de bonis non* of the estate of Joseph Pellar, deceased, filed an answer to the cross-bill admitting, *inter alia,* that the Central Republic Trust Company was successor trustee and that it was the duty of the receiver to resign the trust; that it was necessary that a successor trustee be appointed. The order appealed from recites that it was entered upon the files, records and pleadings in the cause, and the statements of counsel as to certain facts.

All of the appellees have filed a motion in this court to dismiss the appeal upon the ground that the notice of appeal filed by appellants was not served upon Louis Quitman, the successor trustee, nor upon his attorneys. We find no merit in this contention. Louis Quitman was not a party to the proceedings in the court below and is not a party at the present time. He has not appeared in the cause and submitted himself to the jurisdiction of the court, nor has he applied to the court for leave to become a party to the suit. Attorneys for the Pellars now living, for the administrators *de bonis non* of the estate of Joseph Pellar, and for the receiver of the Central Republic Trust Company, are here defending the instant order. The motion to dismiss the appeal is denied.

The appellees contend, ''The order appointing a successor trustee was not a final or appealable order, and, therefore, this Court does not have jurisdiction of the appeal.'' The answer to this contention is not free from doubt and we have concluded to resolve the doubt in favor of appellants. The instant contention will be overruled.

We will first consider the complaint of appellants that ''the hearing in the court below was conducted in a summary manner.'' Upon the oral argument counsel for appellants stated that the proceedings were arbitrary and amounted to an invasion of the constitutional rights of the complainants, that if the trial court had not been arbitrary in his conduct of the hearing an appeal from the instant order would probably not have been taken. It seems clear that counsel for appellants, in the matter of this appeal, are actuated largely by their feeling that they were not accorded a proper hearing in the court below. We have made a diligent search of the record and fail to find anything therein to indicate that the trial court was prejudiced against appellants or that he was arbitrary or unfair in his consideration of the cause. Although the matter before the court was not an involved one, there were hearings held on June 17, June 20, and July 9, so that it is plain that there was no undue haste in the entering of the order. The court inserted in the order that ''there is doubt under said trust agreement as to who are the persons now entitled to direct the Trustee in the distribution of the trust property. There is doubt whether the provision above set forth is applicable in the event of the resignation of said Receiver on behalf of said Central Republic Trust Company.'' Appellants complain of these insertions. They were merely conclusions of law as to the effect of certain provisions in the trust agreement. Appellants complain that the court erred in forcing them to consent

that the court in approving the report of proceedings certify that during the hearing and prior to the entry of the order it was represented to the court that the parties, including complainants, entitled to appoint a successor trustee, could not agree on such successor. Paragraph 6 of the order is as follows:

"It is provided by paragraph 14 of said trust agreement in part as follows:

" 'In the event of such resignation a successor or successors may be appointed by the person or persons then entitled to direct the Trustee in the distribution of the trust property.'

"There is doubt under said trust agreement as to who are the persons now entitled to direct the Trustee in the distribution of the trust property. There is doubt whether the provision above set forth is applicable in the event of the resignation of said Receiver on behalf of said Central Republic Trust Company. In any event some of the persons now entitled to direct the Trustee in the distribution of the trust property are unwilling and have refused to appoint a Trustee to succeed said Central Republic Trust Company as Trustee as aforesaid. The trust created by said trust agreement should not be permitted to fail and, therefore, it is necessary that this court should appoint a suitable person or corporation to succeed said Central Republic Trust Company as Trustee and to whom said Receiver and said Central Republic Trust Company, upon the acceptance of said resignation, may transfer the assets and properties in said trust estate."

Appellants concede, as they must, that they consented to have the court insert in the order the provision that the parties could not agree on a successor in trust, and it seems hardly fair to the trial court for them to make the point in this court that they were "practically forced to consent" to its insertion. Upon the oral argument it was conceded that all of the beneficiaries

to the trust agreement were before the court, and that, with the exception of appellants, they made no objection of any kind to the order. By their pleadings all of the parties save appellants consented to the appointment of a successor in trust by the court. Appellants, in their bill, charged that all of the other beneficiaries in the trust were guilty of fraud and duress and that because of such conduct the trust agreement was void. The trial court had a right to assume from the pleadings before it, as well as from the attitude of the parties during the hearing, that they could not agree on a successor trustee. In view of the theory of their bill appellants could not have consented to the appointment of a successor trustee without seriously weakening their case. They stood before the trial court contending that no successor in trust could be appointed. It is only fair to the trial court to say that the record shows that he treated all of the litigants with courtesy and consideration.

Appellants contend that "the Court was without power and jurisdiction to entertain the cross bill of William L. O'Connell, receiver, and to appoint a successor trustee." In support of their contention appellants argue: "The trust agreement provided the method by which the trustee might resign and a successor trustee be appointed. Such a provision is binding on the parties and must be followed, and unless it is impossible to follow the method so provided, resort cannot be had to a court of equity. There was no showing or proof in the court below that the method so provided could not be followed by the receiver. Where a bank which is trustee under a trust agreement is closed by the auditor and a receiver is appointed, it becomes the duty of the receiver to resign the trust within a reasonable time, and until such resignation is given, in accordance with the method provided in the trust agreement, there is no vacancy to be filled." The

theory of appellants in the trial court was that the trust agreement was void, but in this court they are now insisting that the provisions of the trust agreement in reference to the appointment of a successor trustee should have been strictly followed. It is elementary law that they cannot change their position in this court. If upon the final hearing of the issues raised by the bill it is determined that the trust agreement is void, the instant order would be of no force and effect. There is merit in the contention of appellees that as the trust agreement made no provision for the resignation of the trustee and the appointment of a successor trustee the trial court, under the record, had the right under its general equity powers to appoint a successor trustee.

Appellants contend that "the order appointing the successor trustee is erroneous, even conceding the Court had the power to enter it, because the order shows on its face that there are beneficiaries under the trust agreement who are not parties to the cause." It is difficult to understand why such a contention should be raised. All of the living parties to the trust agreement and the legal representatives of the deceased parties filed answers to the original bill and the cross-bill. All of the parties to the original bill and the cross-bill were represented by counsel upon the hearings. At one of the hearings the following occurred: "The Court: Let me ask the gentlemen, are all the beneficiaries, all the persons interested in this matter—are the parties here? Mr. Conger (for William L. O'Connell): They are all before the Court. The Court: All right." Counsel for appellants made no objection to this statement. Nor did they at any time during the hearing suggest to the court that all of the beneficiaries were not represented. Complainants' bill purported to make all of the beneficiaries parties

to it and none of the answers to the bill alleged a lack of necessary parties.

Appellants contend ''that the receiver had no right to go into the court below, as he did, by cross-bill, and ask that his resignation be accepted and that a successor trustee should be appointed. Such a proceeding is unheard of and has been so characterized by the Illinois Supreme Court in a very recent case. We refer to the case of *Dillon v. Elmore,* 361 Ill. 356.'' This contention is an afterthought and was not raised in the trial court. The receiver, by leave of court, was allowed to become a party to the proceedings, to file an answer to the original bill, and to file a cross-bill. No objection to the order was interposed by appellants or by any other party to the proceedings. The receiver filed an answer to the bill and appellants did not question, in any way, his right to do so. When the receiver filed his cross-bill appellants interposed no objection to the filing of the same, and answered it. In the hearings before the trial court appellants did not even suggest that the receiver had no right to file the cross-bill. By their attitude in the trial court they are now precluded from raising the instant contention. *Dillon v. Elmore* is not an authority in support of appellants' contention. In that case the right of the intervening petitioner to file his petition was directly challenged by the complainant. The intervening petition asked that complainant's bill to foreclose be dismissed. Complainant's demurrer to the intervening petition was overruled, and leave was denied him to file a supplemental bill. In the instant case the receiver, acting trustee, was a defendant in a suit that involved the validity of the trust, and the court had jurisdiction of the trust, the parties thereto, and the trust property. It was the receiver's duty, under the law, to resign the trusteeship on behalf of the bank. (See *People ex rel. Barrett v. West Side Trust & Sav. Bank,* 280 Ill. App.

308, 321–322.) The receiver, acting trustee, was a necessary party defendant. Complainants, by their bill, recognize the necessity of making the trustee a party to the action. The receiver was not attempting, by his cross-bill, to prevent complainants from maintaining their bill. He was merely attempting to obey the law in reference to his duty to resign. By his action he withdrew from the litigation and the successor trustee merely stepped into his shoes, in so far as the trusteeship was concerned. The trial court stated that in entering the order in question he had in mind the fact that the Central Republic Trust Company, trustee, was in the hands of a receiver, who had resigned the trusteeship, and that he deemed it necessary to have someone in the case representing the trusteeship. As we have heretofore stated, if complainants prevail under their bill the order will be of no force or effect. But until complainants do prevail there should be some party to represent the trusteeship. There is nothing in the order appealed from that in any way interferes with complainants' prosecuting their bill, and they are complaining of an order that does not adversely affect their rights.

We find no merit in the instant appeal, and the decretal order of the circuit court of Cook county is affirmed.

*Decretal order affirmed.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.